FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2008 MAY 12  P 2: 23

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOVETTA THOMAS

VERSUS                                               CIVIL ACTION

LOUISIANA FARM BUREAU                NO. 07-960-JVP-DLD
INSURANCE COMPANY

## RULING ON MOTION
## FOR PARTIAL DISMISSAL

This matter is before the court on a Fed.R.Civ.P. 12(b)(6) motion by defendant, Louisiana Farm Bureau Insurance Company, to dismiss certain claims in plaintiff's complaint (doc. 10). Plaintiff, Lovetta Thomas, opposes the motion (doc. 11). Jurisdiction is based upon 28 U.S.C. § 1331. There is no need for oral argument.

Plaintiff is an African-American female who began employment with Farm Bureau on March 27, 2000. Her complaint contains several examples of allegedly discriminatory acts that she believes entitles her to relief for violation of Title VII, 42 U.S.C. § 1981, "retaliation," "hostile work environment," "constructive discharge," "intentional infliction of emotional distress," and "abuse of rights." Attached to the complaint is plaintiff's Charge of Discrimination dated August 14, 2006 and the

1

Notice of Right to Sue dated September 21, 2007. Her complaint was filed December 19, 2007.

From the facts alleged in the complaint, plaintiff sets forth a straightforward claim of employment discrimination under Title VII and 42 U.S.C. § 1981. Plaintiff also advances multiple other theories of liability based upon the same essential set of facts. Defendant's motion to dismiss (seeking dismissal only of plaintiff's intentional infliction of emotional distress and abuse of rights claims) is designed to eliminate extraneous claims advanced by plaintiff. It is clear that plaintiff can have only one recovery upon the facts alleged.

Title VII (which subsumes the retaliation, hostile work environment, and constructive discharge claims) and § 1981 are two overriding statutory predicates of her claims of employment discrimination and in the court's view, provide ample support for all original claims.

Accordingly, the Fed.R.Civ.P. 12(b)(6) motion by defendant, Louisiana Farm Bureau Insurance Company, to dismiss certain claims in plaintiff's complaint (doc. 10) is hereby **GRANTED** and all of plaintiff's claims except those of employment discrimination under Title VII and 42 U.S.C. § 1981 are hereby dismissed. The court

adds that her Title VII claim is limited to discrimination based *only* upon race and retaliation.[1]

Baton Rouge, Louisiana, May 12, 2008.

                                                                    JOHN V. PARKER
                                                                    UNITED STATES DISTRICT JUDGE
                                                                    MIDDLE DISTRICT OF LOUISIANA

---

[1] Plaintiff's complaint alleges that she was "constructively discharged from her employment due to discrimination based on her race, color, and national origin" (complaint, ¶ 16); however, in her Charge of Discrimination, she only alleges discrimination based on race and retaliation and was given the "right to sue" only upon those allegations (that is, not upon color or national origin).