UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LOVETTA THOMAS                                      CIVIL ACTION

VERSUS                                              NO. 07-960

LOUISIANA FARM BUREAU                               JUDGE ENGELHARDT
INSURANCE CO.                                       MAG. J. WILKINSON

## ORDER AND REASONS ON MOTION

The court previously deferred in part plaintiff's motion to compel, Record Doc. No.

76, and ordered defendant to submit for in camera review its personnel files concerning

Judy Knox and Heather Constant.  Record Doc. No. 82.  I have now received and reviewed

in camera the documents submitted to me by defendant in response to my order.  Having

considered the in camera documents, the record and the applicable law, **IT IS ORDERED**

that the deferred portion of plaintiff's motion is GRANTED IN PART AND DENIED IN

PART, for the following reasons.

Initially, I find it necessary to address defendant's arguments that no part of the

personnel files of Knox and Constant should be produced. Defendant seems to argue that

the previously assigned magistrate judge's order, Record Doc. No. 50,  restricts discovery

of materials in these files because neither Knox nor Constant, unlike plaintiff, ever received

"correction notices" and the previously assigned magistrate judge ordered the production

only of information concerning their correction notices and the persons who placed such

notices in their files, if any.  Record Doc. No 79 (Defendant's Memorandum in Opposition

at pp. 4, 8, 15).  In a similar vein, defendant argues that plaintiff "gives no explanation

whatsoever as to why she continues to seek the files of Constant and Knox if there are no

correction notices in them. . . .  Plaintiff was written up for numerous and significant issues

that reflected a pattern of poor work performance.  The fact that Constant and/or Knox may

have once made a mistake at work has no relevance to Plaintiff's claims."  Id. at p. 8.  For

the following reasons, I do not accept these arguments.

Poor work performance and the allegedly disparate manner in which defendant

treated plaintiff, as compared to the apparently similarly situated Knox and Constant, are

precisely the basis of plaintiff's disparate treatment claim.  The general parameters upon

all discovery set by Magistrate Judge Dalby in this case did not limit discovery to similarly

situated employees with correction notices.  Record Doc. No. 50 at pp. 5-6.  Her ruling that

defendant must provide information "only as it pertains to correction notices and the

identity of the persons who placed the notice into [the personnel] file" was limited strictly

to a specific ruling as to two sub-parts of Interrogatory No. 16 [and probably also

Interrogatory No. 18], which only requested information concerning corrections notices.

Record Doc. Nos. 50 at p. 9 and 46-2 at pp. 15, 17.  Unlike the magistrate judge's

discovery restrictions concerning the relevant office location, time period, positions and

supervisors, Record Doc. No. 50 at pp. 5-6, her ruling concerning corrections notices

related only to these two specific interrogatory sub-parts and cannot be read as a general restriction cutting across <u>all</u> of plaintiff's written discovery.

Such a limitation on plaintiff's discovery would also ignore the essence of plaintiff's disparate treatment claim.  As Magistrate Judge Dalby recognized, plaintiff's disparate treatment claim includes allegations that she received low performance evaluations from certain supervisors; she was given strict time requirements to complete her projects by the same supervisor; she was forced to make up requested time off; her computer access privileges were restricted; she was subjected to pre-production evaluation of her work; others were promoted despite exhibiting sub-par research skills; she received low performance evaluations for untimely and incomplete work, failure to follow department procedures, and quality of work, all while similarly situated white employees did not; she was twice given assignments that had not been completed properly by similarly situated white employee(s), against whom no adverse action was taken; and she received performance corrections notices, when others did not.  Record Doc. No. 50 at pp. 2-3.

Almost one year ago, when Magistrate Judge Dalby denied plaintiff's motion to compel production of the Knox and Constant personnel files in response to Request for Production No. 12, which also requested 33 other personnel files, Record Doc. No. 46-2 at pp. 14-15, the magistrate judge did so because "[p]laintiff has not identified that these individuals were similarly situated but treated differently . . .  She has not explained how these files would be relevant to her disparate treatment claim, much less how the relevancy

of these files (all 35 of them) would outweigh the employees' privacy interests. Because plaintiff has not carried her burden regarding this request, defendant's response is deemed sufficient." Record Doc. No. 50 at p.9. In that same order, however, Magistrate Judge Dalby recognized that Constant was "similarly situated to plaintiff, at least in terms of her job title." Record Doc. No. 50 at p. 9. Knox is another such person. Now, with the further development of the record that has occurred during almost one year since Magistrate Judge Dalby's order, the possible discoverability of some portions of these two personnel files seems obvious. Plaintiff's claims concerning similar performance but different treatment make some basis for evaluation relevant. In short, plaintiff claims that her performance was no worse than that of these two employees, but they received glowing reviews while she received adverse employment actions. To the extent that the personnel files of Knox and Constant fit within the relevant time period, work place, position and supervisor limitations set by Magistrate Judge Dalby, and their personnel files contain evidence of their performance, which plaintiff claims was not significantly different from hers but was evaluated differently, that would be discoverable information within the scope of Fed. R. Civ. P. 26(b)(1).

This is discovery, not trial or summary judgment. I, of course, make no judgment as to the weight ultimately to be given to this information or what reasonable inferences might ultimately be drawn from it. In discovery, plaintiff may obtain this information as long as it is relevant to her claim and appears reasonably calculated to lead to the discovery

of admissible evidence. Whether evidence of poor performance by Knox or Constant is sufficiently frequent or similar to the alleged conduct of plaintiff that led to the employment actions against her, such that plaintiff might ultimately establish on the merits that Knox and Constant were in fact similarly situated to, but treated differently from, plaintiff is a question to be resolved in trial or upon dispositive motion, not on a discovery motion. See, e.g., Jones v. Wal-Mart Stores Inc., 306 F. App'x 81, 83 (5th Cir. 2009) (affirming grant of summary judgment because employees with different disciplinary records are not similarly situated); Bryan v. Chertoff, 217 F. App'x 289, 292 (5th Cir. 2007) (Plaintiff, who did not identify "any individuals who were similarly situated, i.e., had the same disciplinary record as him," failed to establish prima facie case at summary judgment stage.); Strong v. Univ. Health Care Sys., L.L.C., 482 F.3d 802, 807 (5th Cir. 2007) (affirming summary judgment because alleged comparator employee "did not have the extensive disciplinary history Strong had when she was fired."); Nieto v. L&H Packing Co., 108 F.3d 621, 623 (5th Cir. 1997) (Summary judgment affirmed when plaintiff had a significant prior disciplinary record and alleged comparator employee had no prior disciplinary record.).

Finally, defendant argues that the privacy interests of these two non-party individuals should prohibit the production of their personnel files. Certainly, their privacy interests are important, which is why I have reviewed the materials in camera and excluded much of what they contain from discovery. However, the privacy interests of the affected individuals in the discoverable materials can adequately be protected if only relevant

portions of these files, with redacted personal data identifiers, if any, are ordered produced

subject to the protective order that is already in place in this case. Record Doc. No. 55.

With this background in mind I have reviewed the two personnel files submitted to

me in camera.  I find that the deferred portion of the motion is granted in part in that the

following materials are relevant, discoverable and must be produced, no later than

October 8, 2010, but only subject to the protective order already in place in this case,

Record Doc. No. 55:

as to Heather Constant's personnel file, materials Bates-stamped Nos. IC 021

[except that the last five (5) entry lines of handwritten data may be redacted because they

are outside the relevant time period], IC 027 - IC 035 and IC 056 - IC 083; and

from Judy Knox's personnel file, materials Bates-stamped Nos. IC 155 [except the

last four lines of handwritten data entries, which are outside the previously established

relevant time period and may be redacted], IC 159 - IC 169, IC 182 - IC 201, IC 210 -

IC 221.

In all other respects, the deferred portion of the motion is denied, and no materials

from these personnel files, other than those enumerated above, need be produced because

they are either wholly irrelevant; otherwise outside the time period, position title, location

or involved supervisor limitations imposed by Magistrate Judge Dalby, Record Doc. No. 50

at pp. 5-6; or the privacy interests of the individuals far outweigh the tangential relevance

of the materials.

New Orleans, Louisiana, this ___24th___ day of September, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE