UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| LOVETTA THOMAS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 07-960 |
| SOUTHERN FARM BUREAU<br>CASUALTY INSURANCE COMPANY | JUDGE ENGELHARDT ("N")<br>MAGISTRATE JUDGE WILKINSON (2) |

## ORDER AND REASONS

Presently before the Court is the motion for summary judgment filed by Defendant Southern Farm Bureau Casualty Insurance Company (Rec. Doc. 95). For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED**.

## Background

Plaintiff, Lovetta Thomas, is an African-American female. In this suit, she has asserted claims of race discrimination, retaliation, and hostile work environment under 42 U.S.C. §§ 2000e et seq. ("Title VII") and 42 U.S.C. §1981. These claims arise from Plaintiff's employment from 2000-2007 with Defendant. Plaintiff complains that, because of her race, her supervisors treated her less favorably than white employees with respect to promotions, pay raises, negative performance appraisals, and corrective measures. She also contends that she suffered retaliation when she complained about the unfavorable treatment that she had received. Plaintiff also alleges that she was constructively discharged.

Defendant denies all of Plaintiff's assertions. Defendant maintains that Plaintiff was not promoted and received negative performance appraisal because, over time, her job performance declined. Defendant further urges that all corrective measures required or imposed by Plaintiff's supervisors were warranted, consistent with company or department policies, and not based upon Plaintiff's race. With respect to Plaintiff's claim of retaliation, Defendant contends that, prior to filing a charge with the Equal Employment Opportunity Commission (EEOC) on August 14, 2006, Plaintiff never complained of harassment or discrimination based on race. Finally, Defendant asserts that Plaintiff did not properly exhaust her administrative remedies relative to her constructive discharge claim and, in any event, that the claim is without merit.[1]

**Law and Analysis**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the

---

[1] Defendant additionally asserts that certain of Plaintiff's claims are time-barred. The Court does not find it necessary to address those particular arguments.

2

nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the

nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence if sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## I. **Title VII Race Discrimination and Retaliation**

An employer's actions relative to an "at will" employee are not unlawful simply because they are unfair. Rather, Title VII protects only against decisions motivated by discriminatory or retaliatory intent. *Nieto v. L&H Packing Co.*, 108 F.3d 621, 624 (5th Cir. 1997) (citations omitted).

To establish a viable discrimination claim under the burden shifting regime articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), the plaintiff must first demonstrate a prima facie case of discrimination. *Abarca v. Metro. Transit Auth.,* 404 F.3d 938, 941 (5th Cir. 2005); *Okoye v. Univ. of Tex. Houston Health Science Ctr.,* 245 F.3d 507, 512 (5th Cir. 2001). Once established, the prima facie case raises a presumption of discrimination, which the defendant must then rebut by demonstrating a legitimate, nondiscriminatory reason for its actions. *Okoye,* 245 F.3d at 512. If the defendant satisfies this burden, the presumption disappears, and the plaintiff must show that the defendant's reason is a

4

pretext for discrimination. *Id.* The ultimate burden of persuasion that a defendant intentionally discriminated, however, remains at all times with the plaintiff. *Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002).

With regard to pretext, the "mixed-motives" approach applies when a plaintiff argues that discrimination was a motivating factor, if not the sole motivating factor, for the defendant's actions. Under those circumstances, a plaintiff seeking to rebut an employer's legitimate, nondiscriminatory reason for an employment action must "offer sufficient evidence to create a genuine issue of material fact (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative)." *See Rachid v. Jack in the Box, Inc.*, 376 F. 3d 305, 310-313 (5th Cir. 2004) (internal citations omitted); *see also Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148 (2003). Finally, if a prima facie case is established, and the plaintiff presents sufficient evidence to create a triable issue as to the falsity of the employer's explanation, a trier of fact, absent unusual circumstances, may infer the ultimate fact of discrimination from the falsity of the employer's explanation. *Blow v. City of San* Antonio, 236 F.3d 293, 298 & n.3 (5th Cir. 2001) (citing in *Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 147-48 (2000)); *see also Ratliff v. City of Gainsville, Texas,* 256 F.3d 355, 359-62 (5th Cir. 2001).[2]

The framework for analyzing a retaliation claim is essentially the same. *Rios v. Rossotti,* 252 F.3d 375, 380 (5th Cir. 2001). The focus, however, is on the plaintiff's protected

---

[2] Under these circumstances, the defendant would not be entitled to summary judgment in its favor. *See., e.g. Blow*, 236 F.3d at 298.

activity, rather than his protected characteristic. Thus, once a plaintiff establishes a prima facie case of unlawful retaliation, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the defendant satisfies this production burden, the plaintiff must then "adduce sufficient evidence that would permit a reasonable trier of fact to find that the proffered reason is a pretext for retaliation." *Id.* (quoting *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir.1998)).

### A. Prima Facie Case for Race Discrimination

A plaintiff makes a prima facie case for race discrimination by proving that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered adverse employment action; and (4) she was replaced by someone outside the protected class or, in the case of disparate treatment, that others similarly situated were treated more favorably. *Abarca,* 404 F.3d at 941; *Okoye,* 245 F.3d at 512-13 (citing *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 404 (5th Cir. 1999)).

Applying these principles here, the Court finds that Plaintiff has not satisfied her summary judgment burden relative to establishing a prima facie case of racially discriminatory disparate treatment. Here, Plaintiff, an African-American, is a member of a protected class. With respect to the third factor, the Fifth Circuit has consistently held that not all conduct about which an employee complains constitutes an adverse employment action. Rather, a plaintiff must show that she suffered an "ultimate employment decision," such as hiring, granting leave, discharging, promoting or compensating, to establish a claim. *Mitchell v. Snow*, 326 Fed. Appx. 852, 854-55, 2009 WL 1687798, *1-2 (5th Cir. 2009)(lower-than-expected job performance review standing alone was not an ultimate employment decision); *McCoy v. City of Shreveport*, 492 F.3d 551, 559

(5th Cir. 2007)(concluding that *Burlington Northern & Santa Fe Railway Co. v. White,* 548 U.S. 53 (2006) did not abrogate Fifth Circuit precedent regarding adverse employment actions with Title VII discrimination claims); *see also Bouvier v. Northrup Grumman Ship Systems, Inc.*, 350 Fed. Appx. 917, 922 & n.2, 2009 WL 3444765, *3 & n.2 (5th Cir. 2009)(referencing different standard applicable to Title VII retaliation claims). Thus, the Court focuses on Plaintiff's claims that she, unlike white employees also working in Defendant's Information Systems department, was denied promotion and pay raises.

The Court also assumes, for purposes of the instant motion and the second factor, that Plaintiff was qualified in terms of education and years of experience for the promotion(s) and pay raise(s) in question. Nevertheless, Plaintiff's claim fails because she has not put forth sufficient evidence that "similarly situated" persons outside of her protected class "were treated more favorably" than she. Satisfying this burden requires Plaintiff to demonstrate that non-African-Americans received preferential treatment under "nearly identical circumstances." *Okoye*, 245 F.3d at 514-15; *see also Perez v. Tex. Dept. of Crim. Justice,* 395 F.3d 206, 213 (5th Cir. 2004); *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 304 (5th Cir. 2000). Such circumstances include the employees' misconduct and violation histories. *Brooks v. Lubbock County Hosp. Dist.*, 373 Fed. Appx. 434, 436-37, 2010 WL 1439109, *2-3 (5th Cir.), *cert. denied*, 131 S. Ct. 228 (2010); *Perez*, 395 F.3d at 213; *see also Smith v. Wal-Mart Stores*, 891 F.2d 1177 (5th Cir. 1990)(circumstances not identical when other employee did not breach same policy as plaintiff).

Here, Plaintiff identifies Heather Constant and Judy Knox as alleged comparators who were treated more favorably than she in terms of discipline, corrections, reviews, pay raises and/or promotions. She, however, offers only conclusory allegations that these white employees

were treated more favorably under nearly identical circumstances. For instance and most importantly, there is no record evidence that these employees had the same or comparable *repeated* negative performance issues and infractions that the evidence submitted by both sides reveals that Plaintiff had. Accordingly, because Plaintiff has not shown a triable issue exists relative to whether others, outside the protected class, but similarly situated, were treated more favorably, she has not established a prima facie case of racially discriminatory disparate treatment.

### B. Prima Facie Case for Retaliation

To establish a prima facie case of retaliation, a plaintiff must prove that: (1) she engaged in an activity that Title VII protects; (2) the defendant carried out an action that a reasonable employee would find materially adverse;[3] and (3) a causal connection exists between the protected activity and the materially adverse action. *Burlington Northern*, 126 S.Ct. at 2414-16; *Harvill v. Westward Commn's, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005) (citing *Chaney v. New Orleans Pub. Facility Mgmt., Inc.,* 179 F.3d 164, 167 (5th Cir.1999)).

With respect to protected activity, "Title VII does not protect opposition to all forms of unscrupulous conduct." *Brown v. United Parcel Service, Inc.*, No. 10-60398, 2010 WL 5348552, *3 (summary calendar)(unpub.) (5th Cir.)(citing *Stewart*, 586 F.3d at 332 (observing that Title VII is not a "general civility code for the American workplace")). Rather, under Fifth Circuit law, if a plaintiff does not oppose an employment action on the basis of some protected status, she has not engaged in a "protected activity," and cannot lay the predicate for a retaliation claim.

---

[3] An employment action is "materially adverse" if it is "one that would dissuade a reasonable worker from making or supporting a charge of discrimination." *Stewart v. Mississippi Transp. Com'n*, 586 F.3d 321, 331 (5th Cir. 2009) (citing *Burlington Northern*, 548 U.S. at 68 (internal quotations omitted)).

Specifically, "Title VII protects only opposition to discrimination based on 'race, color, religion, sex, or national origin.'" *Brown, Inc.*, No. 10-60398, 2010 WL 5348552 at *3 (quoting 42 U.S.C. § 2000e-2(a)(1)). "Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." *Id.*

Except for the filing of a charge with the EEOC, on August 14, 2006, the Court finds that Plaintiff cannot establish that she engaged in any activity protected by the Title VII. Plaintiff points to a memorandum and an email she authored in July 2005. Neither qualifies as protected activity, however, because neither asserts a complaint of racially discriminatory or racially harassing conduct.

And, though Plaintiff received another poor performance appraisal from her new supervisor, Shane Mabile, and was again denied a pay raise, following Defendant's receipt of her EEOC charge, on or around August 28, 2006,[4] these events did not occur until several months later, on April 24, 2007.[5] In any event, moreover, even close timing between an employee's protected activity and an employer's materially adverse action, though relevant, is not alone sufficient to establish a plaintiff's burden on her retaliation claim. *McCarthy v. Primedia Workplace Learning Ctr.*, 2005 WL 3428191, *3 (N.D. Tex.) (Lynn, J) (citing *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993)); *Juarez-Keith v. U.S. Foodservice, Inc.*, 2005 WL 548074, *8 (N.D. Tex.) (Lindsay, J.); *Martinez v. Prestige Ford Garland Ltd. P'ship.,* 2004 WL 1194460, *6 (N.D. Tex.) (Lindsay, J.). Nor is merely disputing an employer's assessment of a plaintiff's work performance or disciplinary history. *Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001). The relevant

---

[4] The EEOC forwarded Plaintiff's charge to Defendant on or around August 28, 2006.

[5] Plaintiff's former supervisor, Cherie Taylor, resigned from Defendant's employ in October 2006.

inquiry instead is whether the evidence, taken as a whole, supports an inference of retaliation. *Id.* at 355. On the showing made, the Court finds that it does not. Rather, considering the totality of the circumstances, Plaintiff has not demonstrated the existence of a triable fact with respect to retaliation.

## II. Discrimination Under 42 U.S.C. §1981

Claims of racial discrimination and retaliation claims asserted under 42 U.S.C. §1981 are analyzed under the same evidentiary framework as Title VII discrimination and retaliation claims. *Brooks*, 373 Fed. Appx. at 436, 2010 WL 1439109, *2; *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004); *Raggs,* 278 F.3d at 468. Thus, Plaintiff's §1981 claims fail for the same reasons as her Title VII race discrimination and retaliation claims.[6]

---

[6] 42 U.S.C. 1981 provides:

**§1981 Equal Rights Under the Law**

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

**III.     Title VII Hostile Work Environment**

To prevail on a race-based hostile work environment claim, a plaintiff must prove that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known about the harassment and failed to take prompt remedial action. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 338, 347 (5th Cir. 2007); *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003); *Celestine v. Petroleos de Venezuella, S.A.*, 266 F.3d 343, 353-54 (5th Cir. 2001). To affect a term, condition, or privilege of employment, the "harassment must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment." *Stewart,* 586 F.3d at 330 (5th Cir. 2009)(quoting *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 116 (2002)).

To determine whether conduct is sufficiently severe or pervasive, the totality of the circumstances is to be considered. *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir.2007). Relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey v. Henderson*, 286 F.3d 264 268 (5th Cir. 2002)(internal quotations omitted). Finally, the conduct must be both "objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so." *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir.1999). Importantly, Title VII does not

---

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

prohibit all verbal or physical harassment in the workplace; it is directed only at discrimination because of plaintiff's protected status." *Williams v. Gonzales*, 2005 WL 3447885, at *15 (E.D. Tex. Dec. 14, 2005) (internal quotations omitted).

Plaintiff also fails to establish her summary judgment burden relative to this claim. As explained in connection with her retaliation claims, Plaintiff never complained of harassment or unfair treatment based on race prior to the filing of her charge with the EEOC. Thus, during that time frame, Defendant did not have notice or the opportunity to investigate and address any alleged discriminatory activity.

Furthermore, Plaintiff does not allege that a single racial slur or epithet ever was said or used by any of her supervisors relative to Plaintiff or her employment. Rather, Plaintiff focuses on Lana Truax's and Cherie Taylor's alleged endeavor to have Plaintiff's employment terminated, as well as her negative performance reviews, and being denied pay raises.[7] Plaintiff additionally cites Cherie Taylor's revocation of Plaintiff's ability to promote her own programs into production.[8] Without more, particularly in the absence of evidence indicative of racial animus, the Court cannot find such facts constituted a race-based hostile work environment. Unless a supervisor's desire to terminate a subordinate at-will employee has an unlawful basis, such as race, that desire, or evidence of that desire, does not create an work environment that is violative of Title VII. Similarly, without more, negative performance reviews, pay raise denials, and requiring an employee to obtain supervisory approval before implementing certain job tasks, when such approval was not previously

---

[7] *See* Plaintiff's Opposition Memorandum (Rec. Doc. 106) at 25-26.

[8] *Id.*

12

required – *i.e.*, what Defendant refers to as "ordinary tribulations of the workplace"[9] – are not sufficiently severe, pervasive, offensive and/or abusive to constitute a hostile work environment under Title VII.

## IV. Constructive Discharge

As set forth above, Defendant asserts that Plaintiff did not properly exhaust her administrative remedies relative to a constructive discharge claim and, in any event, that the claim is without merit. To prove constructive discharge, a plaintiff must show that "working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Lauderdale v. Tex. Dep't of Crim. Justice, Institutional Div.*, 512 F.3d 157,167 (5th Cir. 2007). Satisfying this burden requires the existence of a greater degree of harassment than a hostile work environment claim. *Id.* Pertinent evidence may include such events as: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement, or continued employment on terms less favorable than the employee's former status. *Id.*

Even assuming that Plaintiff adequately exhausted her administrative remedies relative to her claim that her May 2007 resignation constituted a constructive discharge, she has not borne her summary judgment burden relative to the merits of the claim. To the extent that Plaintiff belatedly argues that she was demoted during the course of her employment by Defendant, the evidence presented does not establish the existence of a triable fact issue relative to that assertion.

---

[9] *See* Defendant's Memorandum in Support of Motion for Summary Judgment (Rec. Doc. 95-2) at 19.

And, given that constructive discharge requires the existence of a greater degree of harassment than a hostile work environment claim, which the Court has found to be inadequately supported, Plaintiff's receipt of a negative performance review and additional correction notice, in April 2007, and being denied a pay raise "until her performance improves," likewise are not sufficient to carry this burden.

### **Conclusion**

For the reasons stated herein, the Court finds that Plaintiff has not demonstrated the existence of a genuine issue of material fact relative to any of the claims before this Court. Accordingly, **IT IS ORDERED** that Defendant's motion for summary judgment is **GRANTED**, and that Plaintiff's claims are dismissed with prejudice.

New Orleans, Louisiana, this 18th day of January 2011.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**